NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FRANK GREEN**<br><br>       Plaintiffs,<br>v.<br><br>**PORT AUTHORITY OF NEW YORK AND NEW JERSEY, ROBERT EADICCIP, TONY CARVAGNO, NICHOLAS MIRCOVICH, LELA MARTIN, COTEA JONES, LAURIE PRICE AND TOMMY SMITH**<br><br>       Defendants. | Civil Action No. 07-3910 (KSH)<br><br><u>**OPINION**</u> |

<u>**KATHARINE S. HAYDEN, U.S.D.J.**</u>

   **I.   INTRODUCTION**

   This matter comes before the Court by way of a motion for attorney's fees [D.E. 40] filed by defendant Port Authority of New York and New Jersey ("Port Authority"). This Court previously granted summary judgment to all defendants—Port Authority and individually named employees—and dismissed plaintiff Frank Green's complaint alleging violations of Title VII [D.E. 38, 39]. Port Authority now seeks attorney's fees and costs, pursuant to §706(k) of the Civil Rights Act of 1964, the Civil Rights Attorney's Fees Awards Act of 1976, and Federal Rule of Civil Procedure ("FRCP") 54(d), arguing that Green's Title VII claims were frivolous, unreasonable, and without foundation.

## II.  STANDARD FOR ATTORNEY'S FEES UNDER § 1988

42 U.S.C. § 1988 provides:  "In any action or proceeding to enforce a provision of [] . . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ."  (emphasis added.)  "The purpose of § 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances."  *Hensley v. Eckerhart*, 461 U.S. 424 (1983) (quoting H.R.Rep. No. 94-1558, p. 1 (1976)).  Title VII, which provides legal remedies for employment discrimination, harassment, and retaliation based on race, color, religion, sex, or national origin,

> depend[s] heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these laws contain. . . .  In many cases arising under our civil rights laws, the citizen who must sue to enforce the law has little or no money with which to hire a lawyer.  If private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights in court.

S. Rep. No. 94-1011, p. 1 (1976).

In *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978), the U.S. Supreme Court held that "a district court may in its discretion award attorney's fees to a prevailing defendant . . . upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation."  The defendant need not establish that the plaintiff had subjective bad faith in filing the action; the standard is an objective one.  *See id*.

The Third Circuit has refined the *Christiansburg* standard further, stating that when determining whether an award of counsel fees to a Title VII defendant is appropriate, "courts should consider several factors, including whether plaintiff established a prima facie case,

2

whether defendant offered to settle, and whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits. These factors are, however, guideposts, not hard and fast rules." *E.E.O.C v. L.B. Foster Co.* 123 F.3d 746, 751 (3d Cir. 1997) (citing Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k)). Additional factors a court must consider when evaluating whether a plaintiff's action was frivolous, unreasonable or without foundation are whether the question was one of first impression; whether the plaintiff risked a real threat of injury; and whether the trial court has made a finding that the suit was frivolous under the guidelines set forth in *Christiansburg*. *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 158 (3d Cir. 2001).

The Third Circuit has articulated the standard of review for motions for attorney's fees: "the Supreme Court has indicated that 'it is important that a . . . court resist the understandable temptation to engage in post hoc reasoning by concluding that because a plaintiff did not ultimately prevail his action must have been unreasonable or without foundation.'" *Barnes Found*, 242 F.3d at 158 (citing *Christiansburg*, 434 U.S. at 421-22). In evaluating whether a suit is frivolous, "a district court must focus on the question [of] whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Stefanoni v. Bd. of Chosen Freeholders*, 180 F. Supp. 2d 623, 628 (D.N.J. 2002) (Pisano, J.) (quoting *Jones v. Texas Tech. Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981)). The court in *Veneziano v. Long Island Pipe & Supply Corp.* 238 F.Supp.2d 683 (D.N.J. 2002) (Orlofsky, J.), explained:

> The *Christiansburg* test is intended to strike a balance between the need to eliminate the possible chilling effect on civil rights plaintiffs, who may decide not to pursue a meritorious suit for fear of suffering a fee award, and the goal of deterring plaintiffs from

3

> filing frivolous claims." *Hamer v. Lake County,* 819 F.2d 1362, 1367 (7th Cir.1987) (internal quotations omitted). The United States Court of Appeals for the Seventh Circuit has explained: "There is a significant difference between making a weak argument with little chance of success . . . and making a frivolous argument with no chance of success. . . . [I]t is only the latter that permits defendants to recover attorney's fees." *Khan v. Gallitano,* 180 F.3d 829, 837 (7th Cir.1999).

*Id.* at 689.

In *E.E.O.C. v. L.B. Foster Co.*, 123 F.3d 746 (3d Cir. 1997), the Equal Employment Opportunity Commission ("EEOC") brought a Title VII action against L.B. Foster Co., alleging that plaintiff had not been promoted because of sexual discrimination. The Third Circuit vacated the district court's fee award to the employer, noting that it appeared that the district court "failed to heed the Supreme Court's warning in *Christiansburg* against the 'temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.'" *Id.* at 751 (quoting *Christiansburg*, 434 U.S. at 421-22). "Assessing fees against the EEOC simply because it did not prevail undercuts the Congressional effort 'to promote the vigorous enforcement of the provisions of Title VII.'" *L.B. Foster Co.*, 123 F.3d at 753 (quoting *EEOC v. Bruno's Restaurant*, 13 F.3d 285, 290 (9th Cir.1993)). The court concluded that the plaintiff's action could not be deemed to be frivolous, unreasonable or without foundation: "[i]t can hardly be said that the EEOC's claim was frivolous merely because the court (sitting as the fact finder) rejected the EEOC's evidence." *Id.* at 752.

Courts in this District have been hesitant to award attorney's fees to prevailing defendants. *See e.g., B.C. v. Long Hill Twp. Bd. of Educ.*, 2009 U.S. Dist. LEXIS 106551, at *21 (D.N.J. 2009) (Greenaway, J.) ("This Court cannot conclude that Plaintiffs' action is 'without

4

foundation.'"); *Sturgis v. Mattel, Inc.*, 525 F. Supp 2d 695, 708 (D.N.J 2007) (Simandle, J.) ("[A]lthough the Court has granted summary judgment, it has not determined that this action was frivolous."); *Downy v. Coalition Against Rape & Abuse, Inc.*, 2005 U.S. Dist. LEXIS 7340, at *18 (D.N.J. 2005) (Simandle, J.) ("In considering the factors outlined by the Third Circuit in *Barnes Foundation* as applied to [defendants], this court is unable to say that this is a case that warrants the unusual award of attorney's fees to a prevailing defendant pursuant to § 1988.); *Fallick v. Deerfiled Twp.*, 2003 U.S. Dist. LEXIS 16013, at *13 (D.N.J. 2003) (Irenas, J.) ("Though we find that Plaintiff's arguments do not form a viable . . . claim, we do not deny there is a genuine dispute between these parties. Therefore, we deny Defendants' request for attorney's fees."); *Veneziano v. Long Island Pipe Fabrication & Supply Corp.*, 238 F. Supp. 2d 683, 689 (D.N.J. 2002) (Orlofsky, J.) ("Attorney's fees will rarely be awarded where the district court grants the defendants' motion for summary judgment because of the absence of legally sufficient evidence."). The district courts appear to have heeded the warning that the rule is not intended to be used as a weapon of "'wholesale fee shifting,'" but rather as a corrective device of litigation abuse. *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (quoting *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir. 1987)).

### III. DISCUSSION

The Court's opinion granting summary judgment set forth the underlying facts of the case, and as such the following section will assume familiarity with these facts and discuss only those relevant to the pending motion for attorney's fees.

Using the factors in *Barnes Found.*, 242 F.3d at 158, the Court considers (1) whether Green established a prima facie case; (2) whether Port Authority offered to settle; (3) whether the

case was dismissed or heard on the merits; (4) whether the case was one of first impression; and (5) whether Green risked a real threat of injury. .  As discussed above, such a determination "must focus on the question [of] whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Stefanoni v. Bd. of Chosen Freeholders*, 180 F. Supp. 2d 623, 628 (D.N.J. 2002) (Pisano, J.) (quoting *Jones v. Texas Tech. Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981)).

Port Authority makes two arguments why it should be awarded attorney's fees:  (1) Green's claims were frivolous and unreasonable because he did not establish a prima facie case; and (2) Green's claims against the individual defendants were without foundation under Title VII, and thus frivolous. (Moving Br. 2.)  The moving brief first argues that Green's sexual harassment, hostile work environment, and retaliation claims satisfy each of the *Christiansburg* elements even though a finding of just one would be sufficient to award attorney's fees.  (*Id.* 1.) Port Authority contends that Green's claims were frivolous and unreasonable because he "did not establish any direct or intentional incidents of sexual harassment or any events that could have been reasonably interpreted as such." (*Id.* 3.)  Specifically, Port Authority points to this Court's summary judgment opinion stating that the evidence "simply [did] not approach actionable conduct on the part of [his supervisor] or others." (*Id.* 3) (quoting Ct. Op. on Motion for Summary Judgment 21).  Port Authority claims that any reasonable person viewing the facts of this case would have found the allegations to be frivolous, and therefore it maintains that it was unreasonable for Green to bring his claims.  (Moving Br. 3.)  The moving brief also asserts that it is irrelevant that Green did not act in bad faith, because in *Christiansburg* the U.S. Supreme Court concluded that the standard for determining whether to award attorney's fees to a prevailing party is objective; and here, "objectively, [Green's supervisor's] actions [were] not

misconduct at all." (*Id.*) (quoting Ct. Op. on Motion for Summary Judgment 22). Additionally, under a Title VII claim, a plaintiff must evidence that the alleged conduct was motivated by the plaintiff's protected characteristic, in this case gender. (Moving Br. 4.) Port Authority argues that Green failed even to attempt to show such a link between his gender and the conduct he claims created a hostile work environment. (*Id.*)

In *Heard v. St Lukes*, *see supra*, the district court concluded that plaintiff did not establish a *prima facie* case. Nevertheless, the court held that although the evidence submitted by plaintiff was inadequate by itself to support a prima facie case for employment discrimination based on disability, it was sufficient to show that plaintiff suffered from some sort of medical condition and that the claim could not be said to be wholly without foundation or frivolous under *Christiansburg*. *Heard*, 2010 U.S. Dist. LEXIS 61609, at *4. Here, the Court determined that the comments and actions of Green's supervisor were at most "intersexual flirting" and that courts require more severe or pervasive misconduct than this to sustain plaintiff's claims. (Ct. Op. 22.) This observation does not equate with a characterization of the claims as "entirely frivolous," and the Court rejects Port Authority's position that fees should be awarded against plaintiff on that basis.

The Court similarly rejects Port Authority's argument that because this case was decided on summary judgment, the Court must have found Green's claims to be frivolous and unreasonable. Defendants argue that by granting summary judgment this "Court recognized the inherit weakness of Plaintiff's case." (Moving Br. 2.) What the moving brief fails to consider, however, is that "[t]here is a significant difference between making a weak argument with little chance of success . . . and making a frivolous argument with no chance of success. . . . [I]t is only the latter that permits defendants to recover attorney's fees." *Veneziano v. Long Island Pipe*

*Fabrication & Supple Corp.*, 238 F. Supp.2d at 689 (quoting *Khan v. Gallitano*, 180 F.3d at 837). At its heart, Port Authority's position would subject every plaintiff who lost on summary judgment to a probable fee award against him or her, exactly the menace that legal authority and the statutory scheme provide against.

Port Authority's second argument is that Green's claims against the individual defendants were without foundation under Title VII, which should be taken into consideration when this Court decides whether to grant fees. (*Id.* 5.) In its opinion granting summary judgment, this Court recognized that individual employees may not be held liable under Title VII. (*Id.*) (Ct. Op.1-2) (citing *Sheridan v. E.I. DuPont de Numours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996)). Port Authority argues that Green and his lawyer should have been aware that they could not name individual defendants in the case and that Port Authority put Green on notice of this fact in a letter to the plaintiff's attorney. (*Id.* 5-6; Port Authority Letter, Feb. 24, 2009, Exh. 5). However, under an objective standard, this misstep by the Green's attorney does not necessarily entitle Port Authority to attorney's fees, especially because the misstep only applied to one of Green's many claims. The consequence for counsel's mistake is that Port Authority prevailed on the point, not that Port Authority gets to inflict punishment.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Port Authority's motion for attorney's fees [D.E. 40]. An appropriate order will be entered.

/s/Katharine S. Hayden

Katharine S. Hayden, U.S.D.J.